BARTA, Respondent, vs. BLAHNIK, Appellant.

*December 5, 1918—January 7, 1919.*

*Sales: Acceptance of engine: Retention after time allowed for trial: Inducement by seller.*

Although at the time of the sale of a gasoline engine it was agreed that the buyer should have thirty days for trial thereof before he need accept it, his retention and use of the engine for a longer period did not constitute an acceptance if the seller urged and induced him to keep and use the engine as long as he did, representing that it would eventually prove satisfactory.

APPEAL from a judgment of the circuit court for Kewaunee county: HENRY GRAASS, Circuit Judge. *Reversed.*

This action was brought to recover the purchase price of a gasoline engine sold the defendant. The sale was accompanied by a warranty

"That with proper management it will work equal to any other first-class machines made for doing the same work, if not better. We allow the purchaser, if desired, to use the above named machine *one day* on trial, and in case anything proves defective due notice must be given us or our agent, and time allowed to send a person to put it in order. If after this it will not work, and the fault be in the machine,

it will be taken back, or the defective part replaced, or the money or notes (whichever may be given) will be refunded. Further use will be considered an acceptance of the machine by the purchaser. It is also warranted to be well made of good material, and breakage occurring within one year from defective material will be replaced free of charge."

Plaintiff conceded on the trial that he agreed orally to allow the defendant thirty days' trial of the machine instead of one day as provided in the written guaranty. Defendant contended that it was orally agreed that he should have thirty, sixty, or ninety days, or as long as he liked, within which to try the machine. This contention was, however, negatived by the jury. Defendant set up in his answer as a further defense that the engine never worked satisfactorily; that he had trouble with it every time he undertook to run it; that he frequently expressed dissatisfaction with it and requested the plaintiff to take it away, but that he was induced to keep it as long as he did by the repeated representations of the plaintiff that the trouble arose simply because the machine was new, the parts were tight, that it would not operate well until used for some time, and he urged him not to return the engine but to keep it for further trial, assuring him that it would eventually prove satisfactory. In other words, he was induced to keep the engine beyond the time allowed for trial at the request of the plaintiff and by virtue of representations made by him that the engine would eventually prove satisfactory. There was considerable evidence in support of this defense.

The following special verdict was submitted to and found by the jury:

"(1) Did the plaintiff on August 29, 1916, sell and then deliver to the defendant one ten-horse-power Steiner portable engine and a grinder attachment at the agreed price of $447, payable December 1, 1916? *A.* (Parties agree court should answer.) Yes.

"(2) Was it agreed between the parties that the defendant was to have thirty days for the trial of the engine before defendant need accept the engine? *A.* Yes.

"(3) If you answer the second question 'No,' then answer: Was it agreed between the parties that the defendant could have thirty, or sixty, or ninety days, or as long as he wanted, to try the engine and be satisfied before he need accept it?   *A.* ——.

"(4) Did the engine fail to comply with the warranties which the plaintiff gave to the defendant at the time the defendant purchased the engine?   *A.* Yes.

"(5) If you answer the third question 'Yes,' then answer: Did the defendant, at any time after the purchase and delivery of the engine on August 30, 1916, and before he returned it on December 16, 1916, accept the machine? *A.* ——."

From judgment entered thereon in favor of the plaintiff defendant appealed.

For the appellant there was a brief by *Bruemmer & Bruemmer* of Kewaunee, and oral argument by *O. H. Bruemmer.*

*Joshua L. Johns* of Richland Center, for the respondent.

OWEN, J.   The defendant seasonably requested the court to submit the following questions to the jury: (1) Should you answer the second question "Yes," then answer: Did defendant offer to return said engine within thirty days? (2) And if you answer said question "Yes," then answer: Did the plaintiff induce the defendant to keep on trying said engine until it was returned?   The court refused to submit these questions, and such refusal is assigned as error.

It will be noticed that no question was submitted to the jury intended to elicit its finding upon the question of whether the failure of the defendant to return the engine within the period allowed for trial thereof was due to the inducements and representations of the plaintiff that the engine would eventually prove satisfactory.   This was a material part of the defense.   An affirmative finding on that fact would probably have entitled the defendant to judgment.   The trial court seemed to be of the opinion that this defense was substantially negatived by the jury when they

found that it was agreed as a part of the contract of sale that the defendant was to have thirty days' trial of the machine. In this the court was in error. That question simply called for the jury's finding upon what occurred at the time the contract of sale was entered into and before the delivery of the engine. The defense relied upon, and which was not submitted to the jury, arose from occurrences and conversations between the parties after the engine was delivered, and, if true, excused the defendant from his failure to return the engine within the period of thirty days. It seems clear that the defendant was denied a finding of the jury upon this very substantial defense, for which reason there must be a new trial.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.